UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

|  |  |
|---|---|
| GILBERTO GAVIRIA, | Index No.  13-CV 2232 (RRM) (VVP) |
| Plaintiff, | **AMENDED COMPLAINT** |
| -against- | **JURY DEMAND** |
| THE CITY OF NEW YORK, POLICE OFFICER O'CONNELL (TAX REGISTRY # 950970), POLICE OFFICER ANTHONY BOTTIGLIERE (SHIELD # 13904), POLICE OFFICERS "JOHN DOE 1-3", and POLICE OFFICER "JANE DOE",(whose names and shield numbers are unknown), |  |
| Defendants. |  |

-------------------------------------------------------------x

Plaintiff, by his attorney, Ike Dibia, Esq., complaining of the Defendants, The City of New York, Police Officer O'Connell, Police Officer Bottigliere, Police Officers "John Doe 1-3", and "Jane Doe" upon information and belief alleges as follows:

## INTRODUCTION

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of  rights, privileges, and immunities secured to the Plaintiff  by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985].

2. Plaintiff seeks monetary damages for: the false arrest, false imprisonment and detention of Plaintiff, Gilberto Gaviria, for use of excessive and unnecessary force against said Plaintiff, and otherwise, for the violation of Plaintiff's federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343(3) and (4) in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction.

5. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

6. The State law claims have a common nucleus of operative facts with the federally based claims and they arise out of the same transaction(s) and occurrence(s) giving rise to the Plaintiff's federally based claims and causes of action.

7. Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed necessary and desirable and in the interest of justice in order to provide Plaintiff with a full and complete remedy for the violation of his rights.

## PARTIES

8. Plaintiff, a black male of full age, is a resident of the City of New York, County of Kings and State of New York.

9. The City of New York is a municipal entity existing under the laws and Constitution of the State of New York and was the employer of the Defendant Police Officers through its Police Department, the New York City Police Department, (hereinafter "NYPD") and the actions

of the Police Officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

10. At all times herein, individual Defendants O'Connell, Bottigliere, "John Doe 1-3", and "Jane Doe" were employed as Police Officers of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and the State of New York. The Defendant Police Officers were the servants, agents, and employees of their co-Defendant, the City of New York. Notwithstanding the wrongful and illegal nature of their acts and conduct as hereinafter described, they were taken in and during the course of their duties and functions as New York City Police Officers and incidental to the otherwise lawful performance of the same.

11. All conditions precedent to filing of this action have been complied with; on May 18, 2012, within ninety days after the claim alleged in this complaint arose, a written notice of claim, sworn to by the Plaintiff, was served upon the Defendant City of New York by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the Supreme Court. The said Notice of Claim was assigned claim number 2012PI013058.

12. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

13. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

**FACTS COMMON TO ALL CAUSES OF ACTION**

14. On or about April 14, 2012, between the hours of 11:00 p.m. and 12:00 a.m.,

Defendant Police Officers were on duty and were acting within the scope of their authority as Police Officers for Defendant City of New York and in furtherance of the business of the City of New York.

15. On April 14, 2012, Plaintiff resided at 1146 President Street, Brooklyn, New York with his grandmother.

16. On or about April 14, 2012, between the hours of 11:00 p.m. and 11:30 p.m., at the premises known as 1146 President Street, Brooklyn, New York 11225 (hereinafter "subject premises"), in the County of Kings, City of New York, Plaintiff was attempting to enter the subject premises through its front entrance which is located on President Street.

17. At the above-mentioned date and time, Plaintiff observed a group of Police Officers standing close to the entrance of the subject premises and also observed a crowd of people gathered in front of an adjacent building.

18. While Plaintiff was approaching the stoop in front of the subject premises he was pushed by Police Officer "John Doe" or "Jane Doe". Plaintiff immediately informed the Officer that he lived in the subject premises and also that the officer did not have to push him.

19. Police Officer O' Connell then began to use foul and abusive language and violently pushed Plaintiff again. Plaintiff again informed the Police Officers that he resided in the subject premises but in response, Officer O'Connell grabbed Plaintiff's arm, bent it and then pushed his face into a gate in front of the subject premises.

20. The defendant Police Officers forcibly restrained Plaintiff while Officer O'Connell put handcuffs on him and placed him under arrest.

21. Plaintiff was then taken towards a New York Police Department van and while he

was attempting to step up into the van, he was pushed by Officer O' Connell which caused him to slip and hit his knee. Plaintiff got up and again tried to get into the van and while he was doing this, Officer O' Connell pushed him towards the van causing Plaintiff to hit his left knee and left shoulder against the van.

22. In attempting to have the Plaintiff comply with their wishes, the Officers used foul and abusive language, and commanded Plaintiff to immediately comply with their orders.

23. Plaintiff was thereafter transported to the 71st Police Precinct where he was searched and then detained in a police cell.

24. Approximately forty minutes later, Plaintiff was brought out of the cell, issued a summons (Number 4334677459), and falsely charged with the following offense: Disorderly Conduct (PL 240.20 .01). Plaintiff was subsequently released.

25. On July 13, 2012, Plaintiff was arraigned before a judge in the Criminal Court, County of Kings and his case was adjourned to January 11, 2013 in contemplation of dismissal.

26. On or about January 11, 2013, the case against Plaintiff was dismissed.

27. Plaintiff was caused to be incarcerated for approximately 40 minutes before being released.

28. As a result of the assault and battery of Plaintiff, he suffered a shoulder sprain, a strain of knee or leg, and a muscle tear.

29. At the time of his arrest and detention, Plaintiff was lawfully attempting to enter his residence. Plaintiff did not engage in any conduct which would justify a Police intrusion on his civil rights.

30. Before and at the time Plaintiff was unlawfully arrested, seized, and searched by the

5

Police, he had not been engaging in any suspicious or unlawful conduct. Therefore, his arrest without a warrant was completely unjustified, in that it was made without reasonable suspicion or probable cause.

31. Plaintiff was falsely arrested and subjected to abuse of criminal process.

32. Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

33. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers including the Defendants in this case, for the violations of the constitutional rights of citizens, thereby causing Police Officers including Defendants in this case, to engage in unlawful conduct.

34. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other Police Officers thereby causing and encouraging Police Officers including Defendants in this case, to engage in unlawful conduct.

35. The actions taken against Plaintiff by the Defendant Officers herein were also propelled by a policy and practice of the City of New York which promotes an "ends justifies the means" philosophy of combating crime which causes Officers to arrest individuals, particularly blacks, without probable cause and to subject such individuals to false criminal charges, to excessive force, assault and battery. The said policy and practice falls disproportionately on persons of color.

36. These policies and practices violate the rights of the Plaintiff under federal law including the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

37. The policies and practices complained of herein also violate the rights of Plaintiff under the Constitution and laws of the City and State of New York.

38. The actions and conduct of the Officers and the policies and practices of the City of New York were negligent and the proximate cause of damages to the Plaintiff.

39. The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the Defendant Officers in a collective manner and fashion.

40. The Plaintiff has no other adequate remedy at law but for this action.

### AND AS FOR A FIRST CAUSE OF ACTION

41. Plaintiff reiterates paragraphs 1 through 40 and incorporates same by reference herein.

42. Defendants, Police Officers O'Connell, Bottigliere, "John Doe 1-3", and "Jane Doe" violated the Plaintiff's right to be free from false arrest and false imprisonment guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution, and Plaintiff's right not to be denied his liberty without due process of law, secured to him under the Fifth and Fourteenth Amendments to the Constitution. By violating plaintiff's constitutional rights under color of State Law, the Defendant Police Officers violated the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

43. As a result of Plaintiff's false arrest and imprisonment, Plaintiff has been caused to

suffer humiliation, bodily pain, mental anguish, embarrassment, loss of income, was prevented from attending to his necessary affairs, has been caused to incur legal expenses and has been otherwise damaged.

44. This action falls within one or more of the exceptions of the New York State Civil Practice Laws and Rules Section 1602.

## AND AS FOR A SECOND CAUSE OF ACTION

45. Plaintiff reiterates paragraphs 1 through 44 and incorporates same by reference herein.

46. Defendant Police Officers O'Connell, Bottigliere, "John Doe 1- 3" and "Jane Doe" brutally and savagely attacked Plaintiff and used excessive force before, during, and after arresting Plaintiff thereby causing Plaintiff to suffer serious physical injuries. The assault was carried out maliciously and sadistically for the very purpose of causing harm and not in good faith to maintain or restore order, in violation of Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable, unnecessary and wanton use of force. By violating Plaintiff's constitutional rights under color of State Law, the Defendant Police officers violated the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

47. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

48. This action falls within one or more of the exceptions of the New York State Civil Practice Laws and Rules Section 1602.

## AND AS FOR A THIRD CAUSE OF ACTION

49. Plaintiff reiterates paragraphs 1 through 48 and incorporates same by reference herein.

50. Defendant Police Officers falsely arrested and imprisoned Plaintiff in violation of the Common Law.

51. The false arrest and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

52. Defendant Police Officers acted with malice and reckless and intentional disregard for Plaintiff's rights under common law when they arrested and imprisoned Plaintiff because they were acting on allegations they knew to be false. Therefore, said Defendant Police Officers are guilty of egregious and gross misconduct toward Plaintiff.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

54. This action falls within one or more of the exceptions of the New York State Civil Practice Laws and Rules Section 1602.

## AND AS FOR A FOURTH CAUSE OF ACTION

55. Plaintiff reiterates paragraphs 1 through 54 and incorporates same by reference herein.

56. By arresting, detaining and imprisoning Plaintiff, without justification, probable cause or reasonable suspicion, the Defendant Officers, deprived Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of New York by Article 1, Section 12 of the New York State Constitution.

57. In addition, the Defendant Officers conspired among themselves to deprive Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution,

and took numerous overt steps in furtherance of such conspiracy, as set forth above.

58.  The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers.  Such acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution.

59.  Defendants, their Officers, attorneys, agents, servants and employees were responsible for deprivation of Plaintiff's State Constitutional rights. Defendant City, as employer of each of the Defendant Officers, is responsible for their wrongdoing under the common law doctrine of *respondeat superior.*

60.  As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

61.   This action falls within one or more of the exceptions of the New York State Civil Practice Laws and Rules Section 1602.

## AND AS FOR A FIFTH CAUSE OF ACTION

62.  Plaintiff reiterates paragraphs 1 through 61 and incorporates same by reference herein.

63.  Defendant Police Officers were acting as agents of Defendant City of New York (through its Police Department) when they arrested, imprisoned, and prosecuted Plaintiff. Therefore, under the common law principal/agent *respondeat superior* rule, Defendant City of

New York is jointly and severally liable with Defendant Police Officers for the general and specific damages sustained by Plaintiff, as well as for the attorneys' fees and the costs and disbursements of the action.

64. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

65. This action falls within one or more of the exceptions of the New York State Civil Practice Laws and Rules Section 1602.

## AND AS FOR A SIXTH CAUSE OF ACTION

66. Plaintiff reiterates paragraphs 1 through 65 and incorporates such by reference herein.

67. Upon information and belief, Defendant City of New York, through the NYPD, owed a duty of care to Plaintiff to prevent mental abuse sustained by Plaintiff.

68. Upon information and belief, Defendant City of New York, through the NYPD, owed a duty of care to the Plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to Plaintiff or to those in like situation would probable result from this conduct.

69. The Defendant City of New York knew or should have known through the exercise of reasonable diligence that the Defendant Officers were not prudent and were potentially dangerous.

70. As a direct and proximate result of the negligence of the Defendant City of New York in hiring and retaining the Defendant Officers, Plaintiff sustained the damage hereinbefore stated.

71. This action falls within one or more of the exceptions of the New York State Civil

Practice Laws and Rules Section 1602.

## AND AS FOR A SEVENTH CAUSE OF ACTION

72. Plaintiff reiterates paragraphs 1 through 71 and incorporates such by reference herein.

73. The violations of Plaintiff's constitutional rights and of Federal Law alleged in Plaintiff's First, Second, Third, Fourth, Fifth and Sixth Causes of Action by Defendant Officers' were carried out under the following policies, customs, and practices of Defendant City:

　　i.　　Failure to establish, publish, and instill in New York City Police Officers and Detectives the practical meaning of probable cause or reasonable cause for arrests so that Officers would not detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause;

　　ii.　　De-emphasizing the importance of an arrest warrant issued by a Judge or Magistrate, which would act as a buffer between the citizenry and the Police, and encouraging the Police to arrest first and ask questions later;

　　iii.　　Failing to take proper corrective and punitive actions against overreaching Police Officers and creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

74. Under 42 U.S.C. § 1983, Defendant City is jointly and severally liable with Defendant Officers for the general and specific damages Plaintiff sustained in the First and Second Causes of Action, as well as for the attorneys' fees and the costs and disbursements of the action.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, the Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff prays the Court for judgment as follows:

1. For compensatory damages against each defendant in an amount to be proven at trial;

2. For exemplary and punitive damages against each defendant in an amount to be proven at trial;

3. For costs of suit herein, including the plaintiff's reasonable attorney's fees; and

4. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
September 9, 2013

        LAW OFFICE OF IKE DIBIA

        By:  /s/
           Ike Dibia, Esq. (ID-5305)
           Attorney(s) for the Plaintiff
           767 Franklin Avenue, Ground Floor
           Brooklyn, N.Y. 11238
           (718) 230-1517